UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| DONALD JAMES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-367-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Donald James ("James") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, James seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to supplemental security income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by James.

**I.   BACKGROUND**

James filed an application for supplemental security income on January 28, 2003. This claim was denied initially and upon reconsideration. Thereafter, James requested an administrative hearing was conducted by ALJ William H. Gitlow. During the hearing, the ALJ heard testimony from James and Donald Joe Woolwine. Subsequent to the hearing, ALJ Gitlow requested psychiatric and orthopedic consultative evaluations for James. On April 4, 2005, after

the examinations were completed, the hearing continued.  The ALJ heard testimony from Dean W. Owens, a vocational expert ("VE").  The ALJ issued a decision denying benefits to James. [Transcript (Tr.), pp. 14-22]  The ALJ concluded that James retained the residual functional capacity to perform a significant range of light work.  [Tr., p. 21] James' request for review was denied by the Appeals Council on October 15, 2005.  [Tr., pp. 4-6] This action followed.

At the time of the administrative hearing, James was 50-years old and had a high school education.  [Tr., p. 249]  He has past relevant work experience as a mining shuttle car operator. [Tr., p. 250] James alleges a disability beginning in January 1998.  After reviewing and evaluating the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that James had severe back and neck pain, depression/personality disorder and borderline intellectual functioning.  However, he concluded that James retained the residual functional capacity to perform a significant range of light work and, therefore, was not disabled within the meaning of the Social Security Act and regulations. [Tr., pp. 20-21]

## II.  LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 416.920(b) .  Second, a claimant must show that he suffers from a severe impairment.  20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment

which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (hereafter "RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's

demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   ANALYSIS

James' sole argument in this action is that the ALJ erred by failing to re-contact his treating source at the Mud Creek Clinic.[1] The ALJ discounted the opinion of the physician that filled out the "Adult Medical Report for Social Security Disability Benefits" who opined that James should avoid prolonged standing and could lift no more than five pounds.

With respect to this issue, Title 20 C.F.R. Section 404.1512(e) provides, in relevant part, that:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate* for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In

---

[1]   The Claimant argues that the ALJ should have recontacted the treating source that filled out the "Adult Medical Report for Social Security Disability Benefits." The Claimant notes that it is difficult to read the physician's signature on the report. The Claimant has assumed that this report was filled out by Dr. Saraf.

>every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

(emphasis added).

The ALJ was correct that the record did not support the conclusion that James should avoid prolonged standing and could lift no more than five pounds. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2). Substantial evidence in the record supported the ALJ's decision to reject the limitations imposed by the treating source.

The re-contacting provisions cited by James are only triggered when the medical information in the record is inadequate for the Commissioner to determine whether the claimant is disabled. 20 C.F.R. § 416.912(e) ("When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.") James has not argued that the ALJ lacked sufficient evidence. Indeed, the ALJ went through great pains to collect as much information as possible, going so far as to order additional psychiatric and orthopedic consultative examinations after the initial hearing. James does not identify which medical records the ALJ lacked that would have required recontacting the treating source at Mud Creek Clinic. Moreover, there was no conflict or ambiguity in the "Adult Medical Report for Social Security Disability Benefits" that required clarification. Rather, the problem with this report was its lack of objective evidence to support the claims and its inconsistency with the record. Thus, 20 C.F.R. § 416.912(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether James was disabled.

### IV. CONCLUSION

The ALJ considered the restrictions suggested by the treating source at Mud Creek Clinic and properly discounted them. Substantial evidence in the record supported this conclusion. For the reasons discussed above, it is hereby **ORDERED** as follows:

1. Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 11th day of May, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge